


UNITED STATES FEDERAL COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 1 0 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

CELESTE PEARSON and KRYSTAL SIMMS, )
)
PLAINTIFFS, )

v.

BOARD OF TRUSTEES OF NORTHERN
ILLINOIS UNIVERSITY, NORTHERN
ILLINOIS UNIVERSITY COLLEGE OF LAW
LISA FREEMAN, (individually and in her
official capacity), LIZ WRIGHT (individually
and in her official capacity), and KAREN BAKER
(individually and in her official capacity)

DEFENDANTS.

1:19-cv-06060
Judge Mary M. Rowland
Magistrate Judge Sheila M. Finnegan

PLAINTIFF DEMANDS
JURY TRIAL

## COMPLAINT

Now come the plaintiffs, Celeste Pearson and Krystal Simms, for their complaint against Defendants Northern Illinois University College of Law, Board of Trustees of Northern Illinois University, Lisa Freeman, Liz Wright, and Karen Baker, states as follows:

### INTRODUCTION

This is an action to secure the protection of and to redress deprivation and interference with rights secured under the Americans with Disabilities Act and the Civil Rights Act. Plaintiff Celeste Pearson, is an honorably discharged, disabled veteran. Krystal Simms is her youngest daughter, and was a student at Northern Illinois University. On the campus of Northern Illinois

University, Pearson was subjected to harassment based on her disability status and race in violation of 42 U.S.C. §12132, et seq., 42 U.S.C. §1981, et seq, and 42 U.S.C. §1983, et seq. Pearson and Simms were subjected to retaliation and intimidation. Defendants participated in, facilitated, or failed to stop the harassment, retaliation, and intimidation, in violation of 42 U.S. Code §12203, and further violation of 42 U.S.C. §12132, et seq., 42 U.S.C. §1981, et seq, and 42 U.S.C. §1983. Defendants were also negligent in their duties, including the training and supervision of employees. The Plaintiffs seek monetary and injunctive relief; including pecuniary and non-pecuniary damages, punitive damages, and compensatory damages to the fullest extent allowed by law.

## THE PARTIES

1. Plaintiff Celeste Pearson (hereafter "Pearson") is a resident of Dupage County, Illinois.
2. Plaintiff Krystal Simms (hereafter "Simms") is a resident of Dupage County, Illinois.
3. Defendant, the Board of Trustees of Northern Illinois University (hereafter "Board"), is a body politic duly promulgated by the State of Illinois, 100 ILCS § 685, and can sue and be sued.
4. At all relevant times the Defendant, Northern Illinois University (hereafter "NIU") and Northern Illinois University College of Law (hereafter "COL") operated under the direction and control of the Defendant, the Board.
5. At all relevant times, the Board had the power to employ individuals as decision makers to effectuate the rules and regulations for NIU and COL.

6. At all relevant times, Defendant Lisa C. Freeman (hereafter "Freeman") was employed by NIU, now as President (from September 2018), previously as Acting President (from July 2017), and previously as Executive Vice President and Provost (from May 2014).

7. At all relevant times, Defendant Liz Wright (hereafter "Wright") was employed by NIU, now as the Executive Assistant to President Freeman and previously as Executive Assistant to Provost Freeman.

8. At all relevant times, Defendant Karen Baker (hereafter "Baker") was employed by NIU, as the Ethics and Compliance Officer and Title IX Coordinator.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 28 U.S.C. §1343. This Court also has supplemental jurisdiction over non-federal claims pursuant to 28 U.S.C. § 1367. Declaratory and Injunctive relief are authorized by 28 U.S.C. § § 2201 et. seq.

10. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391.

## COMMON FACTUAL ALLEGATIONS

11. Pearson has been diagnosed with multiple disabilities and requires the services of a caregiver.

12. Pearson's daughter, Simms, has served as caregiver to Pearson for several years.

13. During the summer of 2016 Simms applied for transfer admission to NIU COL.

14. In August of 2016 Defendant COL sent Simms a letter stating that she had been accepted for admission to COL.

15. In August of 2016 Simms accepted the offer of admission to COL, and both Pearson and Simms relocated to Illinois.

16. From fall semester 2016 to spring semester 2017, Simms regularly attended classes at COL; between two to five days per week, for several hours per day.

17. Due to Pearson's limited mobility, serious medical conditions, and physical limitations, Simms was unable to leave Pearson alone for lengthy periods and at a substantial distance from NIU.

18. Pearson accompanied Simms whenever her daughter had a course or meeting at NIU.

19. Pearson waited in her vehicle while Simms was in a course or meeting; multiple issues made accessing an indoor seating area at NIU overly difficult, so that Pearson was confined to her vehicle while present on the campus of NIU.

20. Simms maintained proper campus parking permits for Pearson's vehicle while attending COL.

## COUNT I - AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

21. Plaintiffs repeat and re-allege the allegations in paragraphs 1-20 as her allegations for this Count I, as if fully restated herein.

22. Both Titles II and III of the Americans with Disabilities Act prohibit a covered entity from discriminating against an individual based upon her disabilities.

23. Plaintiff Pearson is disabled within the meaning of the Americans with Disabilities Act.

24. Pearson's disability prevented her from navigating the NIU campus so that she was forced to wait for Simms in her vehicle.

25. Pearson experienced escalating harassment while present on the campus of NIU.

26. The harassment included multiple malicious calls to the NIU police, claiming Pearson and/or her vehicle as "suspicious" or not belonging on NIU's campus.

27. This harassment included abusive remarks and recording or photography by multiple individuals, at least one who was employed by NIU.

28. Pearson was repeatedly detained and questioned by the police as to her presence on campus.

29. Pearson was singled-out, insulted, and made to feel unwelcome and uneasy.

30. Pearson and Simms lodged complaints with various departments at NIU, including the ombudsman, the office of Ethics and Compliance, and the office of the provost; however, the harassment continued.

31. Defendants failed to investigate complaints that Pearson was being harassed while on the NIU campus.

32. Defendants failed to investigate the source of the caller or callers who, according to NIU police, repeatedly reported Pearson and/or her vehicle as "suspicious."

33. Defendants failed to stop the recurring police intrusions.

34. Defendants' treatment of Pearson was deliberate, willful and intentional.

35. Pearson has suffered damages as a result of Defendants' unlawful discrimination.

36. Simms has suffered damages as a result of Defendants' unlawful action or inaction.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor and against the defendants, jointly and severally, in the amount of $1,000,000.00 in compensatory damages plus costs and such other and further relief as this Honorable Court may deem just and equitable.

**COUNT II - AMERICANS WITH DISABILITIES ACT (42 U.S. Code § 12203)**

37. Plaintiffs repeat and re-allege the allegations in paragraphs 1-36 as her allegations for this Count II, as if fully restated herein.

5

38. The Americans with Disabilities Act prohibits a covered entity from retaliation against an individual who has opposed violations of this Act.

39. The Americans with Disabilities Act prohibits a covered entity from coercion, intimidation, and interference with an individual who exercises their rights under this Act, or who encourages another to exercise their rights under this Act.

40. Plaintiff is disabled within the meaning of the Americans with Disabilities Act.

41. Pearson opposed the negative treatment that she experienced while on the Campus of NIU.

42. Pearson made complaints to multiple NIU and COL departments.

43. Pearson also advocated for her disabled daughter, who was experiencing problems in obtaining disability accommodations, by contacting disability rights organizations and NIU officials for assistance.

44. Simms made several complaints to NIU officials on behalf of Pearson and herself, and openly advocated for changes to NIU and COL practices.

45. The negative treatment Pearson experienced worsened after she began to make complaints.

46. Defendants retaliated against Pearson when they failed to investigate complaints that she was being harassed while on the NIU campus.

47. Defendants created a hostile environment on campus by turning a blind eye to discrimination.

48. On several occasions, Pearson was humiliated and intimidated into parking her vehicle off-campus or secluding herself in locations where she might face less harassment.

49. The actions of Defendants were intentional, deliberate, and intended to punish Pearson for exercising her rights under both the Americans with Disabilities Act and the Civil Rights Act, and to deter her from further exercising her rights.

50. The actions of Defendants were intentional, deliberate, and intended to punish Pearson for advocating on behalf of Simms, for encouraging Simms to exercise her rights under both the Americans with Disabilities Act and the Civil Rights Act, and to deter Pearson and Simms from further exercising their rights.

51. The Defendants treated Pearson less favorably than other, similarly-situated individuals who did not oppose harassment, who did not advocate for disability rights at NIU, and who did not file complaints to NIU, alleging discrimination.

52. Defendants NIU and COL should have known, or had knowledge of and were deliberately indifferent to the acts of retaliation, intimidation, and interference by its agents and employees.

53. Pearson has suffered damages as a result of Defendants' unlawful action or inaction.

54. Simms has suffered damages as a result of Defendants' unlawful action or inaction.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor and against the defendants, jointly and severally, in the amount of $1,000,000.00 in compensatory damages plus costs and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT III - CIVIL RIGHTS ACT (42 U.S.C. § 1981)

55. Plaintiffs repeat and re-alleges the allegations in paragraphs 1-53 as her allegations for this Count III, as if fully restated herein.

56. The Civil Rights Act prohibits a covered entity from discriminating against an individual based upon race, color, sex, national origin and religion.

57. Pearson is an African-American woman.

58. Pearson was subjected to harassment while on the NIU campus.

59. The ongoing harassment was directly related to her race, color, and gender.

60. Defendants failed to investigate complaints that Pearson was being harassed while on the NIU campus.

61. Defendants failed to stop the recurring police intrusions

62. Defendants' treatment of Pearson was deliberate, willful and intentional,

63. Pearson has suffered damages as a result of Defendants' unlawful discrimination.

64. Simms has suffered damages as a result of Defendants' unlawful action or inaction.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor and against the defendants, jointly and severally, in the amount of $1,000,000.00 in compensatory damages plus costs and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT IV - CIVIL RIGHTS ACT (42 U.S.C. § 1981)

65. Plaintiff repeats and re-alleges the allegations in paragraphs 1-64 as her allegations for this Count IV, as if fully restated herein.

66. The Civil Rights Act prohibits a public official from using their authority to deprive an individual of their rights.

67. The Defendants are employees of the state of Illinois, and the Board is a body politic duly promulgated by the State of Illinois; the Defendants are public officials.

8

68. Defendants failed to investigate complaints that Pearson was being harassed while on the NIU campus.

69. Defendants failed to stop the recurring police intrusions.

70. Defendants created a hostile environment on campus by turning a blind eye to discrimination.

71. Defendants' treatment of Pearson was deliberate, willful and intentional,

72. Pearson has suffered damages as a result of Defendants' unlawful actions.

73. Simms has suffered damages as a result of Defendants' unlawful action or inaction.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor and against the defendants, jointly and severally, in the amount of $1,000,000.00 in compensatory damages plus costs and such other and further relief as this Honorable Court may deem just and equitable.

### COUNT V - NEGLIGENCE

74. Plaintiff repeats and re-alleges the allegations in paragraphs 1-73 as her allegations for this Count IV, as if fully restated herein.

75. The Defendants are employees of the state of Illinois, and the Board is a body politic duly promulgated by the State of Illinois.

76. It is a professional requirement of the Defendants to make sure that employees apply rules, policies, and laws equally to all citizens regardless of status.

77. It is a professional requirement of the Defendants to make sure that issues which fall under their oversight and authority are properly handled.

78. Defendants failed to train and properly supervise employees.

79. Defendants failed to investigate complaints that Pearson was being harassed while on the NIU campus.

80. Defendants failed to investigate or stop the recurrent harassing police intrusions.

81. Defendants failed to investigate complaints that Pearson was being harassed by employees while on the NIU campus.

82. Pearson has suffered damages as a result of Defendants' unlawful actions.

83. Simms has suffered damages as a result of Defendants' unlawful action or inaction.

WHEREFORE, plaintiff respectfully prays that this Honorable Court enter a judgment in her favor and against the defendants, jointly and severally, in the amount of $1,000,000.00 in compensatory damages plus costs and such other and further relief as this Honorable Court may deem just and equitable.

## COUNT VI - PUNITIVE DAMAGES

84. Plaintiff repeats and re-alleges the allegations in paragraphs 1-83 as her allegations for this Count VI, as if fully restated herein.

85. The intentional and/or retaliatory conduct against Pearson was so outrageous that malice toward Pearson should be implied.

86. Simms has suffered damages as a result of Defendants' unlawful action or inaction.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment in her favor and against the defendants, jointly and severally in excess of $1,000,000.00, including:

   A. An order compelling to cease and desist in their misconduct against the Plaintiff;

   B. Compensatory, incidental, consequential and liquidated damages, and all other equitable and monetary relief as justice requires against Defendants;

C. Punitive damages to be determined by the court and to the extent permitted by law;

D. Compensation for pain and suffering;

E. All Court related fees and expenses;

F. Prejudgement interest; and

G. Such other and further relief as this Honorable Court may deem just and equitable.

Respectfully Submitted,

Dated: September 10th, 2019

*Celeste Pearson* *Krystal S.*
Celeste Pearson and Krystal Simms
Plaintiffs
20 Danada Sq West #193
Wheaton, IL 60189
651-235-0681