## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CELESTE PEARSON and KRYSTAL SIMMS,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES OF NORTHERN ILLINOIS UNIVERSITY, LISA FREEMAN, LIZ WRIGHT, KAREN BAKER, and NORTHERN ILLINOIS UNIVERSITY COLLEGE OF LAW<br><br>Defendants. | No. 19-CV-06060<br><br>Judge Mary M. Rowland |

## <u>ORDER</u>

Plaintiffs Celeste Pearson and her daughter, Krystal Simms, have brought suit against the Board of Trustees of Northern Illinois University, Lisa Freeman, Liz Wright, Karen Baker, and the Northern Illinois University College of Law. Plaintiffs allege discrimination and retaliation in violation of the Americans with Disabilities Act 42 U.S.C. § 12132 (Counts I and II), racial discrimination in violation of § 1981 of the Civil Rights Act (Counts III and IV), negligence (Count V), and request punitive damages (Count VI). (Dkt. 1). The Northern Illinois Board of Trustees and College of Law filed a motion to dismiss pursuant to Fed. R. Civ. P. 8(a)(2), 12(b)(1), 12(b)(6), and 17. (Dkt. 34). Liz Wright, Lisa Freeman, and Karen Baker filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 43). Both motions are granted.

On September 8, 2020, the Court set a briefing schedule for both motions to dismiss. (Dkt. 37). Plaintiffs were directed to file their response by October 30, 2020 and Defendants to reply by November 13, 2020. Plaintiffs have not filed any response or otherwise indicated that they will continue to pursue these claims. In their replies, (Dkt. 45 and Dkt. 46), Defendants argue that this failure to respond constitutes a waiver of all arguments against dismissal. They are correct. *See e.g., Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) ("even though a complaint may comply with the simple notice pleading requirements of Rule 8(a)(2), it may nonetheless be dismissed under Rule 12(b)(6) if the plaintiff does not present legal arguments supporting the 'substantive adequacy' or 'legal merit' of that complaint…Our system of justice is adversarial and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning.") (citations omitted); *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss [plaintiff] forfeited her right to continue litigating her claim"); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because they did not provide the district court with any basis to decide their claims, and did not respond to the [defendants] arguments, these claims are waived.").

A Rule 12(b)(6) motion challenges the sufficiency of the complaint's factual pleadings. When considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed

in a Plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Pro se* complaints are liberally construed. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

First, Northern Illinois University College of Law (College of Law), is not a proper party pursuant to Fed. R. Civ. Pro. 17(b). *See* 110 ILCS 685/30-40 (2020). The College of Law is dismissed with prejudice. The Board of Trustees of the Northern Illinois University (the University) is the proper party defendant.

Plaintiffs allege in Count I that they were discriminated against based on a disability in violation of the ADA. Pearson, who is disabled, would remain in her vehicle while her daughter, Simms, was attending class. According to the Complaint, Pearson was repeatedly harassed by campus security while sitting in University parking lots. She was in the vehicle due to her disability so that she could remain close to Simms. To prevail, Pearson must show: (1) that she is a qualified individual with a disability; (2) that she was denied the benefits of the University's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefit or discrimination was based on her disability. *See Toledo v. Sanchez,* 454 F.3d 24, 31 (1st Cir. 2006) (citing 42 U.S.C. §12132). The Court assumes that Pearson is a qualified individual with a disability. However, she has not alleged that she was denied any benefit or that any denial of a benefit was due to her disability. The Complaint does not assert any harassment or discrimination against Simms based on her disability. The Court dismisses Count I with prejudice as to Krystal Simms and without prejudice as to Pearson.

Both plaintiffs assert retaliation under the ADA in Count II. They allege that they complained about the treatment Pearson received based on her disability but do not allege any retaliation in response to these complaints. Pearson also alleges she complained that Simms required assistance for her disability but again does not allege any retaliation in response to those complaints. Count II is dismissed without prejudice as to both plaintiffs.

One final note as to the ADA claims: it is well-established that such claims must be brought against public entities and cannot be filed against individuals. 42 U.S.C. § 12131; *see also Stanek v. St. Charles Comm. Unit School Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (individual defendants sued in their individual capacity dismissed because "as a rule there is no personal liability under Title II" of the ADA) (citation omitted); *see also Silk v. City of Chicago*, 194 F.3d 788, 797 n. 5 (7th Cir. 1999) (finding no individual liability under the ADA). Therefore, Counts I and II are dismissed with prejudice as to Lisa Freeman, Liz Wright, Karen Baker.

Counts III and IV assert claims pursuant to 42 U.S.C. § 1981, First the University is protected from suit under Section 1981 by the Eleventh Amendment. *Walker v. Bd. of Trustees of Univ. of Wis.,* 300 F.Supp.2d 836, 849 (W.D. Wis. 2004) (plaintiffs may not sue state entities for damages under §1981 or §1983). *See also Osteen v. Henley*, 13 F.3d 221, 223-24 (7th Cir. 1993) (applying the Eleventh Amendment to Northern Illinois University). Count III and IV are dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(1) as to the University.

Moreover, Section 1981 is meant to protect "the equal right of all persons within the jurisdiction of the United States to make and enforce contracts without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75 (2006) (citations and internal quotations omitted). That means plaintiffs must initially "identify an impaired 'contractual relationship' under which" they are asserting rights. *Id.* at 476. A Plaintiff "cannot state a claim under § 1981 unless [s]he has (or would have) rights under the existing (or proposed) contract that [s]he wishes to make and enforce." *Id.* at 479-80. Plaintiffs claim they were harassed for sitting in the University parking lot, generously read the Complaint asserts that Pearson was harassed based upon her race. But the Complaint does not assert any contractual relationship that was impacted or interfered with based upon race. Counts III and IV are dismissed without prejudice as to the individual defendants.

The Court declines jurisdiction over the state law negligence and punitive damage claims articulated in Counts V and VI.

## CONCLUSION

Defendants' motions to dismiss (Dkt. 34 and 43) are granted. The College of Law is dismissed with prejudice. Lisa Freeman, Liz Wright, Karen Baker are dismissed from Counts I and II with prejudice and are dismissed without prejudice from Counts III and IV. The University is dismissed (1) from Count I with prejudice as to Krystal Simms and without prejudice as to Pearson; (2) from Count II without prejudice; and (3) from Counts III and IV with prejudice. The Court declines jurisdiction over Counts V and VI. These counts are dismissed without prejudice. The

Clerk is directed to enter judgment against plaintiffs and in favor of defendants. Civil case terminated.

E N T E R :

Dated: April 26, 2021

MARY M. ROWLAND
United States District Judge